## BLYDENBURGH *v.* MAGONE, Collector.

*(Circuit Court, S. D. New York. December 5, 1889.)*

CUSTOMS DUTIES—CLASSIFICATION—CHINESE RUSH.
 Unmanufactured rush, imported from China, cured, but not split or dyed, *held* to be "straw," within the common acceptation and definition of that word as used in this country, and therefore free of duty, under the tariff act of March 3, 1883, as "straw unmanufactured."

At Law. Action to recover back customs duties. On motion for direction of verdict.

This was an action to recover moneys exacted as duties upon certain unmanufactured rush imported by the plaintiff, Jesse L. Blydenburgh, from China, in the year 1887. The merchandise in suit consisted of small rushes cut from a tall grass or plant which grows in the neighborhood of Canton, on marshy soil along the river. There is a regular delta there, and all through that region there are miles of territory where this grass grows wild. It is cut by the natives. In its original state it is a three-cornered grass. The sample of the merchandise in suit representing the importation showed that it had been cut and cured, but not split or dyed. When cured, split, and dyed, it is used in China for the manufacture of matting, but it is not so used without being cured and split. It does not bear any grain. It is not edible. The defendant, collector of the port of New York, exacted a duty of 10 per cent. on the entry of this merchandise under section 2513, Rev. St. U. S., as a "raw or unmanufactured article not therein enumerated or provided for." The plaintiff duly protested and appealed against said exaction of duty thereon, claiming the merchandise to be free of duty, under section 2503, Id., (act of March 3, 1883,) under paragraph 796, (Tariff Index, new,) as "straw unmanufactured," or, under the same section, par. 636,

as "dried fibers," "stems," or "weeds" in a "crude state, and not advanced in value or condition by refining or grinding, or by other process of manufacture." It was conceded on the trial that the article was not the straw of commerce in this country; that it was a new article of importation since the passage of the tariff act of March 3, 1883. Straw mattings, however, had been imported prior to the tariff act of 1883. Defendant's counsel read in evidence the following definitions in Webster's dictionary: "Straw. The stalk or stem of certain species of grain, pulse, etc., chiefly of wheat, rye, oats, barley; more rarely, of buckwheat and peas." "Pulse. Leguminous plants, or their seeds; as, beans, peas, etc." "Weed. Underbrush; low shrubs; any plant that is useless or troublesome." "Rush. A plant of the genus *juncus*, of many species, growing in wet ground. Some species are used in bottoming chairs and plaiting mats, and the pith is used in some places for wicks to lamps and rush-lights. The term 'rush' is, however, often loosely applied to various plants having a similar appearance." "Fiber. One of the delicate, thread-like, or string-like portions of which the tissues of plants and animals are in part constituted; as, the fiber of flax or of muscle. Any fine, slender thread, or thread-like substance."

At the close of the evidence defendant's counsel moved for a direction of a verdict for the defendant, on the ground that the plaintiff had not proven facts sufficient to entitle him to recover; that the merchandise in suit was concededly not the straw of commerce, as known in this country at the time of the passage of the tariff act of March 3, 1883; that it was not "straw," within the dictionary definition; that the word "straw" only applied to the stalk of such plants as bore grain or seeds used for food; that there was no evidence that this rush bore any grain or seed fit for use for any purpose whatever; that the tariff act must be construed in relation to the appellations which the articles of importation had in trade and commerce at the time of its enactment, (*Rheinner* v. *Maxwell*, 3 Blatchf. 124;) that the fact that what is known as "straw matting" was made from this article after being cured, split, and dyed did not bring it within the free-list as "straw unmanufactured," (*U. S.* v. *Goodwin*, 4 Mason, 128;) that under the tariff act of March 3, 1883, "grass" was not free of duty, unless used or adapted for the manufacture of paper, (Tariff Index, 691;) that articles composed of grass or straw are dutiable under the said tariff act, (Id. 395–400;) and that the article in suit was not a "weed," a "stem," or a "fiber," but was a nonenumerated unmanufactured article, properly dutiable at the rate of 10 per cent., as assessed by the defendant collector.

*Comstock & Brown*, for plaintiff.

*Edward Mitchell*, U. S. Atty., and *Henry C. Platt*, Asst. U. S. Atty., for defendant.

LACOMBE, J., (*orally.*) Not without some doubt I feel constrained, by the dictionary definitions of the words referred to, to hold that this is "straw," within the use of the word in the English language as there given, and therefore I shall direct a verdict in favor of the plaintiff.